UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Juan Carlos Vazquez, #351021,

Petitioner,

vs.

Warden Leroy Cartledge,

Respondent.

Civil Action No.: 2:15-4475-BHH

**Opinion and Order**

Petitioner Juan Carlos Vazquez ("Petitioner"), proceeding *pro se,* filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(d), D.S.C., the action was referred to United States Magistrate Judge Mary Gordon Baker for pretrial handling and a Report and Recommendation ("Report"). Magistrate Judge Baker recommends that Respondent's Motion for Summary Judgment be granted and Petitioner's habeas petition be dismissed with prejudice. (ECF No. 40.) The Report sets forth in detail the relevant facts and standards of law on this matter and the Court incorporates them without recitation.

## BACKGROUND

Petitioner filed this action against Respondent alleging ineffective assistance of counsel and prosecutorial misconduct. On December 12, 2016, the Magistrate Judge issued a Report; on January 13, 2017, Petitioner filed his objections, and on January 27, 2017, the Respondent filed a reply. (ECF Nos. 40, 45, 46.) Having carefully reviewed the record, the Court finds that the Magistrate Judge has accurately and

adequately summarized the disputed and undisputed facts relevant to this action. The Court has reviewed the objections, but finds them to be without merit. Therefore, it will enter judgment accordingly.[1]

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). The court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## DISCUSSION

The Court agrees with the Magistrate Judge's recommendation that summary judgment be granted on Grounds One and Two. These claims allege ineffective assistance of counsel and prosecutorial misconduct. The Magistrate Judge thoroughly

---

[1] As always, the Court says only what is necessary to address Petitioner's objections against the already meaningful backdrop of a thorough Report of the Magistrate Judge, incorporated entirely by specific reference, herein, to the degree not inconsistent. Exhaustive recitation of law and fact exists there.

discussed the state court's treatment of these claims and correctly concluded that the ruling of the PCR court was reasonable, that Petitioner failed to carry his burden of establishing counsel was ineffective, and that the PCR court's rejection of the claim of prosecutorial misconduct was not contrary to, or an unreasonable application of, clearly established federal law. Moreover, Petitioner has not presented any evidence to suggest that the PCR court engaged in an unreasonable determination of the facts.

Petitioner's objections consist of arguments that the Magistrate Judge has already considered and rejected. Petitioner repeats his claims of ineffective assistance of counsel and prosecutorial misconduct, and then simply states that he has satisfied the burdens applicable to those claims. (*See* ECF No. 45 at 2-7.) Petitioner is confused about what it means for a claim to be procedurally defaulted, and as a result makes arguments based on *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), which are entirely inapplicable to the reasons for dismissal of his petition. (*See id.* at 6-7.) To be clear, there are no procedurally defaulted claims at issue in this case. Such general and conclusory objections do not invoke *de novo* review. *Orpiano*, 687 F.2d at 47. Thus, the Court is tasked only with review of the Magistrate Judge's conclusions for clear error. Because the Court agrees with the cogent analysis by the Magistrate Judge, it need not extensively discuss those same issues for a second time here. Therefore, the Court overrules Petitioner's objections.

## <u>CONCLUSION</u>

After a thorough review of the Report, the record, and the applicable law, the Court finds that Petitioner's objections are without merit and the Magistrate Judge's

conclusions evince no clear error. Accordingly, for the reasons stated above and by the Magistrate Judge, the Court overrules Petitioner's objections, adopts the Report, and incorporates the Report herein. It is therefore ORDERED that Respondent's motion for summary judgment (ECF No. 18) is GRANTED, and Petitioner's § 2254 petition is DISMISSED *with prejudice*.

CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . .only if the applicant has made a substantial showing of the denial of a constitutional right.

> (c)(3) The certificate of appealability. . . shall indicate which specific issue or issues satisfy the showing required in paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims to be debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2011). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is DENIED.

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks__
United States District Judge

February 8, 2017
Greenville, South Carolina

4

\*\*\*\*\*

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified that any right to appeal this Order is governed by

Rules 3 and 4 of the Federal Rules of Appellate Procedure.